UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

                                 :

JUNIOR ROBINSON,              :

                                 :

                Petitioner,    :

                                 :

        - against -           :

                                 :

UNITED STATES OF AMERICA  :

                                 :

              Respondent.   :

------------------------------------------------------- X

MEMORANDUM
OPINION AND ORDER

09 Civ. 2178 (SAS)
03 Civ. 1501 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

        Petitioner Junior Robinson ("Robinson") filed a motion for reconsideration of this Court's April 27, 2010 Opinion and Order ("4/27/10 Opinion") denying his petition to vacate, set aside, or correct a sentence pursuant to section 2255 of Title 28 of the United States Code.[1]

        Motions for reconsideration are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court.[2]  A motion for

---

[1]     While this Court issued its Opinion and Order on April 27, 2010, the date indicated on Westlaw is May 4, 2010.  The referenced document is the same. *Compare* Docket Entry 6, *with Robinson v. United States of America*, Nos. 09 Civ. 2178 and 03 Cr. 1501, 2010 WL 1789931 (S.D.N.Y. May 4, 2010).

[2]     *See Patterson v. United States*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006 ) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

reconsideration is appropriate where "'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[3]  A motion for reconsideration may also be granted to "'correct a clear error or prevent manifest injustice.'"[4]

The limitations imposed by Local Civil Rule 6.3 are intended to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[5]  Local Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the

---

[3]     *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation omitted).

[4]     *RST (2005) Inc. v. Research in Motion Ltd.*, No. 07 Civ. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[5]     *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *S.E.C. v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001)).  *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

Court."[6] Courts have repeatedly been forced to warn counsel that such motions should not be made reflexively to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[7] A motion for reconsideration is not an "opportunity for making new arguments that could have been previously advanced,"[8] nor is it a substitute for appeal.[9]

Robinson asserts that reconsideration is appropriate based on one "simple premise" — the fact that the traverse he submitted to the government's response to his underlying section 2255 motion "was not entered in the docket and as a result it appears that this honorable court made its decision without the benefit of [his] traverse."[10] Robinson argues that the traverse demonstrates disputed facts

---

[6]     *United States v. Treacy*, No. 08 CR 366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (quotation marks omitted). *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided").

[7]     *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

[8]     *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

[9]     *See Grand Crossing*, 2008 WL 4525400, at *3.

[10]    Petitioner's Motion for Reconsideration at 1 ("Pet. Mot."). Robinson also states that on or about May 12, 2010, he mailed an opposing affidavit to the Government's affidavit that may have affected this Court's decision on his section 2255 motion. *Id.* at 2. By that point, however, Robinson's claims had already been adjudicated and his case closed pending the 4/27/10 Opinion. *See* Docket

that warrant an evidentiary hearing, and "submits that had this honorable court

been armed with the information contained in the traverse . . . [it] would have made

a difference in its decision."[11]  Robinson overlooks, however, that this Court did in

fact receive and consider his traverse in rendering its decision.[12]  Because

Robinson alleges no new information or cases overlooked in the 4/27/10 Opinion,

and does not present any evidence that the 4/27/10 Opinion constituted either clear

error or manifest injustice, reconsideration is inappropriate.  Robinson's motion for

reconsideration is denied.  The Clerk of the Court is directed to close this motion

[Docket Nos. 8 and 9].[13]

---

Entry 6. Although Robinson explains that he lacked knowledge that the Court had already rendered a decision on his section 2255 motion, he provides no explanation for the delay in submitting the affidavit several months past the Court ordered deadline of November 13, 2009.  Because Robinson's affidavit does not include newly discovered evidence that could not have been presented earlier, it is inappropriate to consider this submission for purposes of this motion.  *See Aikman v. County of Westchester*, 691 F. Supp. 2d 496, 497-98 (S.D.N.Y. 2010) ("A motion for reconsideration should be granted only where the moving party demonstrates that the court has overlooked factual matters or controlling precedent *that were presented to it on the underlying motion* and that would have changed the court's decision.") (emphasis added).

[11]        Pet. Mot. at 2.

[12]        *See Robinson*, 2010 WL 1789931, at *6 n.55 (citing to an attachment to the traverse).

[13]        Robinson submitted a motion to toll time to enable him to file a motion for reconsideration on July 2, 2010, alleging that he had not yet received a copy of the 4/27/10 Opinion and was unaware of the denial of his section 2255

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:       New York, New York
             September 24, 2010

_____

motion until June 29, 2010. *See* Motion to Toll Time at 1. Robinson submitted the
instant motion before a decision was rendered on his motion to toll time. Because I
have denied Robinson's motion for reconsideration on the merits, I need not
address the issue of whether it was untimely.

## - Appearances -

**Petitioner (Pro Se):**

Junior Robinson
BOP Reg. No. # 04296-748
Unit Shelby A
Federal Correctional Institution - Memphis
P.O. Box 34550
Memphis, TN 38134

**For Respondent:**

Laurie A. Korenbaum
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007
(212) 637-2266